Mr. Chief Justice Sharkey
delivered the opinion of the court.
It appears that the appellant presented a claim to the commissioners of insolvency, appointed to audit claims against the estate of Amos Whiting, which was rejected. He then prayed that referees might be appointed according to the statute, to report upon his claim, which was done, and they allowed the claim, but the appellee then excepted to the report, and the court sustained the exceptions and set aside the report.
The claim was for sixty thousand dollars, being the amount of the penalty of an administrator’s bond, given by Tunstall, as the administrator of the estate of Wheeler C. Green, the appellant claiming to be the sole distributee, which bond had been signed by Whiting and others as sureties.
The referees reported that the estate of Whiting was liable to D. Green on this bond, in the sum of sixty thousand dollars, which claim was just, and by them allowed. The bond is referred to in the report as the foundation of the claim, and is an exhibit to the report, but there was no other evidence reported, or if there was, it does not appear in the record.
The statute provides for the appointment of referees in a case like this, and makes their report final when approved by the court, leaving it thereby as an inference which may be legitimately drawn from the act, that the court may disapprove it.
It is a general rule, that any one who seeks to reverse a judgment mu6t put his finger on the error, as every presumption *204 is in favor of the correctness of judgments. By the application of a familiar principle of law to this report, the decision is not only not shown to be wrong, but it is shown to be clearly right; that is, assuming that the case was presented in the court below as it has been to us. In an action at law on an administrator’s bond, it is but inducement to the action, and no recovery can be had on it, without proof of damages. The bond is only a security for such damages as may be sustained by parties interested in the estate. To make it a valid claim then against an insolvent estate, or against any one, it must be accompanied by proof of damages, but if it is not so accompanied, it is not a claim. There must be proof that the condition has been broken, for it is only on such a contingency that a right of action accrues. The report professes to be founded on this bond. It refers to it as showing the liability of Whiting’s estate, and declares it to be a valid claim, and accordingly it was allowed. The report was therefore erroneous on its face; it was not the bond which constituted the claim, but the amount of damages Green had sustained by the maladministration of Tunstall; and instead of allowing the penalty of the bond as a claim, the referees should have allowed the amount of damages sustained by a breach of the condition; and if the damages were equal to the amount of the penalty, they should have been so reported. And even admitting that the referees were not bound to report the evidence on which they founded their report, still having done so, it was competent for the court to set aside the report, if the evidence was palpably insufficient to sustain it. It would seem to be the safest course in all instances for referees to report the evidence. It is the only way in which the judgment of the appellate court can be had on the validity of a claim. If the evidence is reported to the probate court, the judgment of that court can then be corrected if it is wrong, by placing the evidence on the record.
It would seém, from the bill of exceptions, that there was probably a decree of the probate court fixing the amount of Tunstall’s liability introduced before the referees, though it is *205 matter of doubt. Counsel insisted before the probatecourt that the evidence of the bond and the decree of that court were sufficient to justify the report. If there was such a decree, the amount of it does not appear in the record. We cannot judge of its legal effect when it is not before us. The bare recital in the bill of exceptions that counsel relied upon such a decree as evidence to support the report, will not justify us in deciding that it was sufficient for that purpose.
It was objected, in argument, that the decision of the probate court was conclusive as to the validity of the claim. We do not think so; the court only decided against the report, not against the claim. The report of referees is final only when affirmed. The power of the probate court over a report of referees was very fully considered by us, in the case of Reed v. Wiley, 5 S. & M. 394. The power of the court to reject the report and to re-commit the claim to referees was asserted; and this court reversed the judgment affirming the report of referees, and directed that the matter should be again submitted to them. On the authority of this case, it is competent for the court below to recommit the claim of Green to referees, if it should seem to be necessary; and this perhaps is now the only method which will bring up the merits of the claim for final adjudication. In affirming the judgment therefore, we do not decide against the validity of the claim. We only decide against the report of the referees, leaving the court to direct that it be again referred.
Judgment affirmed.